**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CLARK HILL PLC
601 Pennsylvania Ave. NW
North Building, Suite 1000
Washington, DC 20004

WASSERMAN, MANCINI & CHANG, PC
1915 Eye Street, NW, Suite 400
Washington, DC 20006

LAW OFFICE OF ZAHEDI PLLC
8133 Leesburg Pike, Ste 770
Vienna, Virginia

Plaintiffs,

v.

DEPARTMENT OF HOMELAND SECURITY
OFFICE OF INSPECTOR GENERAL
Office of Counsel
245 Murray Lane, SW
Mail Stop 0305
Washington, D.C. 20528-0305

NATIONAL ARCHIVES AND RECORDS
ADMINISTRATION
Chief FOIA Officer
8601 Adelphi Road, Room 3110
College Park, MD 20740-6001

FEDERAL BUREAU OF INVESTIGATION
OFFICE OF INFORMATION POLICY
U.S. Department of Justice
1425 New York Avenue NW, Suite 11050
Washington, D.C. 20530-0001

Defendants.

Civ. No. ___

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## I. INTRODUCTION

1. Plaintiffs are law firms Clark Hill, PLC, Wasserman, Mancini & Chang, PC, and Law Office Of Zahedi PLLC, who bring this action to enforce the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. Plaintiffs challenge the failure of the Department of Homeland

Security ("DHS") Office of Inspector General ("OIG"), the National Archives and Records Administration ("NARA"), and the Federal Bureau of Investigation ("FBI") Office of Information Policy ("OIP"), to produce records in response to a FOIA request that Plaintiffs filed by letter dated November 5, 2015 ("Schofield FOIA request").[1] That request sought certain records relating to Robert T. Schofield ("Schofield"), a former U.S. Citizenship and Immigration Services ("USCIS") supervisory district adjudication officer who in 2007 was convicted in U.S. District Court for the Eastern District of Virginia of bribery of a public official, in violation of 18 U.S.C. §201(b)(2)(C), as well as aiding and abetting the unlawful procurement of citizenship or naturalization, in violation of 18 U.S.C. §1425.

2. Plaintiffs' clients—currently facing deportation from this country—count among the many innocent victims harmed by Schofield's fraudulent scheme. As Plaintiffs indicated in the Schofield FOIA request, misconduct allegations against Schofield pre-date and go well beyond the bribery scheme for which Schofield was ultimately convicted. According to media reports, documents filed by the United States in Schofield's prosecution reveal that in the decade preceding his arrest, Schofield had been accused of a wide array of misconduct including accepting bribes, unauthorized use of government credit cards, and falsifying immigration documents. Notwithstanding his unethical and unlawful conduct, Schofield was permitted to hold a position of authority with the government, first with the Immigration and Naturalization

[1] One requestor who appeared on the Schofield FOIA request, Lichtman & Elliot, PC, is not a party to this lawsuit.

Service ("INS") and then with USCIS, which he abused to the detriment of Plaintiffs' clients.[2] The Schofield FOIA request and now this lawsuit seeks records that will enable the public to understand the circumstances under which Schofield was permitted to hold a position of authority and whether any other government officials may be responsible for the harm Schofield wrought. The records will shed light on violations of the public trust and may enable Plaintiffs to better defend their clients in their removal proceedings.

3. This case arises under FOIA, 5 U.S.C. §552(a)

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction under 5 U.S.C. §552(a)(4)(B) (FOIA) and 28 U.S.C. §1331 (federal question). Venue is proper under 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. §1391(e).

## III. PARTIES

5. Plaintiff Clark Hill PLC is a full-service law firm with offices in the District of Columbia, among other locations. Clark Hill PLC's immigration practice group represents noncitizens seeking all manner of immigration benefits, including those seeking relief from removal before United States Immigration Courts. Plaintiff Clark Hill PLC is among the requestors who filed the Schofield FOIA request.[3] Plaintiff Clark Hill PLC's clientele includes

---

[2] Pursuant to the Homeland Security Act of 2002, Pub.L. No. 107-296, 116 Stat. 2135 (2002), the Immigration and Naturalization Service has ceased to exist, and its enforcement functions were transferred to the Department of Homeland Security.

[3] The Schofield FOIA request was principally drafted by Thomas Ragland and Patrick Taurel, a partner and an associate, respectively, with Clark Hill PLC, when they were affiliated with Benach Ragland LLP. Thomas Ragland and Patrick Taurel notified Defendants of their change in law firm affiliation by letters dated February 22, 2016. A true and correct copy of the change of address letters filed by Plaintiff Clark Hill PLC with Defendants is attached at Exhibits B, G, and J.

victims of Schofield's fraudulent scheme who are currently facing removal from the United States.

6. Plaintiff Wasserman, Mancini & Chang, PC is a full-service immigration law firm located in Washington, DC. Plaintiff Wasserman, Mancini & Chang, PC is among the requestors who filed the Schofield FOIA request. Plaintiff Wasserman, Mancini & Chang, PC's clientele includes victims of Schofield's fraudulent scheme who are currently facing removal from the United States.

7. Plaintiff Law Office Of Zahedi PLLC is a full-service immigration law firm located in Vienna, Virginia. Plaintiff Law Office Of Zahedi PLLC is among the requestors who filed the Schofield FOIA request. Plaintiff Law Office Of Zahedi PLLC's clientele includes victims of Schofield's fraudulent scheme who are currently facing removal from the United States.

8. Defendant DHS OIG is an office within the U.S. Department of Homeland Security, an agency of the United States government, and has possession of and control over the records that Plaintiffs seek.

9. Defendant NARA is an agency of the United States government and has possession of and control over the records that Plaintiffs seek.

10. Defendant FBI OIP is an agency within the Federal Bureau of Investigation, which falls within the U.S. Department of Justice ("DOJ"), an agency of the United States government. Defendant FBI OIP has possession of and control over the records that Plaintiffs seek.

# IV. FACTS

## A. Background Information About Robert T. Schofield

11. On June 29, 2006, the FBI arrested Robert T. Schofield, a former supervisory district adjudication officer at the Washington Field Office of USCIS, following a joint investigation with the DHS OIG, for falsifying naturalization certificates in exchange for bribes. Schofield was ultimately convicted in U.S. District Court for the Eastern District of Virginia of bribery of a public official, in violation of 18 U.S.C. § 201(b)(2)(C), as well as aiding and abetting the unlawful procurement of citizenship or naturalization, in violation of 18 U.S.C. § 1425. *United States v. Schofield*, No. 1:06-cr-00427 (E.D. Va. Apr. 20, 2007) (Judgment). Schofield was sentenced to serve 180 months in the custody of the Bureau of Prisons. *Id.*

12. Schofield's fraudulent scheme harmed hundreds of immigrants – many of whom were innocent victims. *See ,e.g., United States v. Chu*, No. 1:07-CR-117 (E.D.Va. 2007), Trial Tr. vol 1, 13, June 6, 2007 (Schofield recognizes two "types of clients" – those interested in buying benefits and those interested in applying for them legally); *United States v. Schofield*, No. 1:06-cr-00427 (E.D. Va. Sept. 21, 2012) (Def's Brief In Support of Gov't's Rule 35 Motion) ("[T]he vast majority of the illegally granted benefits – approximately 175 individuals – were granted to aliens who were already lawfully in the country as legal permanent residents, and had passed background checks."). Plaintiffs represent several such innocent victims, some of whom the Department of Homeland Security is attempting to remove from the United States.

13. Misconduct allegations against Schofield pre-date and go well beyond the bribery scheme for which he was ultimately convicted. At the time Schofield pled guilty, he was a 30-

year veteran of INS and USCIS, having been hired by INS in 1976. *United States v. Chu*, No. 1:07-CR-117 (E.D.Va. 2007), Trial Tr. vol 1, 4, June 6, 2007 (testimony of Robert T. Schofield). Documents filed by the prosecution in *United States v. Schofield* reflect that in the decade preceding his arrest, Schofield had been accused of a wide array of misconduct including accepting bribes, unauthorized use of government credit cards, and falsifying immigration documents. Jerry Markon, *Immigration Official Pleads Guilty to Falsifying Documents*, Wash. Post, Dec. 1, 2006 (hereinafter *Immigration Official Pleads Guilty*), *available at* http://www.washingtonpost.com/wp-dyn/content/article/2006/11/30/AR2006113000603.html.[4]

14. According to the *Washington Post*,

> Court documents indicate that accusations against the 30-year federal employee were not new. Over the past decade, federal officials investigated numerous bribery allegations involving Schofield and Asian immigration applicants when he worked at the former Immigration and Naturalization Service, according to court documents unsealed when Schofield was charged in June.
>
> Schofield was demoted at one point for "conduct unbecoming a government employee," the documents say, and had an "inappropriate relationship" with a woman connected to an INS criminal probe. When confronted about that relationship by INS officials, Schofield fled to East Asia, where he made $36,000 worth of unauthorized purchases on his government-issued credit card, according to court documents.
>
> It remains unclear when Schofield returned to the United States, how the previous investigations ended and how Schofield became a supervisor when the Department of Homeland Security took over INS's functions in 2003.

*Id.* Schofield's prosecution and misconduct are widely known and in the public domain; they were even discussed in the halls of Congress. *Whether Attempted Implementation of the Senate Immigration Bill Will Result in an Administrative and National Security Nightmare: Hearing*

---

[4] The court documents referenced in this *Washington Post* article are not available on PACER.

*before the Subcommittee on Immigration, Border Security and Claims*, 109th Cong. 5 (2006) (statement of Michael J. Maxwell); *see also* Jerry Markon, *Fairfax Man Accused of Illegally Helping Immigrants*, Wash. Post, June 30, 2006, *available at* http://www.washingtonpost.com/wp-dyn/content/article/2006/06/29/AR2006062901907.html; Sean Alfano, *Fraud Charges Inside Homeland Security*, CBS News, June 29, 2006, *available at* http://www.cbsnews.com/news/fraud-charges-inside-homeland-security/.

15. However, the circumstances surrounding INS and USCIS's decision to retain and promote Schofield—to make him, in the words of an Assistant United States Attorney, a "trusted senior official … with almost 30 years of federal service[,]" *United States v. Schofield*, No. 1:06-cr-00427 (E.D. Va. July 17, 2012) (Government's Rule 35 Motion)—remain "unclear." *Immigration Official Pleads Guilty*. The public does not know what other government officials knew about Schofield's misconduct or when they knew it. Information shedding light on why this individual was permitted to hold a position of authority—which he abused to the continuing detriment of Plaintiffs' clients—is what the Schofield FOIA request is designed to reveal. Such information is in the public interest because it opens agency wrongdoing to the light of public scrutiny, *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989), and may assist Plaintiffs in effectively representing their clients in removal proceedings before United States Immigration Courts. *Cf. Shin v. Mukasey*, 547 F.3d 1019 (9th Cir. 2008) (recognizing that the government may be equitably estopped from bringing removal proceedings in certain circumstances, including where the respondent establishes affirmative misconduct on the part of the government). The class of interested parties includes not only the Plaintiffs and

their clients, but other unknown victims of Schofield's misconduct, who may at some point suffer the consequences of his actions, including being placed in removal proceedings.

### B. The Schofield FOIA Request

16. By letter dated November 5, 2015, Plaintiffs submitted a FOIA request to USCIS, DHS OIG, NARA, and the FBI, for any and all records which were prepared, received, transmitted, collected and/or maintained by USCIS, INS, DHS OIG, the FBI, and the National Personnel Records Center ("NPRC"), a subagency within NARA, which relate or refer in any way to:

- allegations, investigations, or findings of misconduct involving Schofield;
- allegations, investigations, or findings of conduct unbecoming a government employee involving Schofield;
- allegations, investigations, or findings of fraud involving Schofield;
- allegations, investigations, or findings of bribery involving Schofield;
- allegations, investigations, or findings of misuse of public office involving Schofield;
- allegations, investigations, or findings regarding an inappropriate relationship Schofield had with a woman connected to an INS or USCIS investigation;
- performance evaluations for Schofield;
- disciplinary or remedial action taken against Schofield and the date(s) any such action was taken; and
- favorable employment action taken with respect to Schofield and the date(s) any such action was taken.

A true and correct copy of the Schofield FOIA request is attached as Exhibit A.

i. USCIS.

17. On March 10, 2016, USCIS provided a fee estimate to search for records responsive to the Schofield FOIA request. According to USCIS, the estimated fee totaled $213,818.00.

18. Plaintiffs did not pay this fee. Plaintiffs have not named USCIS as a Defendant in this matter.

ii. FBI.

19. By letter dated November 20, 2015, Defendant FBI denied Plaintiffs' FOIA request in full, stating that it would withhold all responsive records under FOIA exemptions (b)(6) and (b)(7)(C) [5 U.S.C. §552(b)(6), (b)(7)(C)]. The FBI's denial did not indicate the number of records responsive to Plaintiffs' request in its custody. A true and correct copy of the FBI's denial is attached as Exhibit C.

20. By letter dated January 15, 2016, Plaintiffs filed a timely administrative appeal with the FBI. A true and correct copy of Plaintiffs' administrative appeal of the FBI's denial of Plaintiffs' FOIA request is attached as Exhibit D.

21. By letter dated March 9, 2016, the FBI denied Plaintiffs' FOIA request, again citing exemptions (b)(6) and (b)(7)(C). The FBI's denial of Plaintiffs' administrative appeal further provided that "[w]hile the FBI did not initially conduct a search for responsive records, on appeal it has now conducted a search and reviewed the records about the investigation of Mr. Schofield. That review indicates that the FBI's file only concerns the misconduct of Mr.

Schofield and the other perpetrators, and does not discuss any misconduct by USCIS itself." A true and correct copy of the FBI's denial of Plaintiffs' administrative appeal is attached as Exhibit E.

iii. DHS OIG

22. By letter dated November 19, 2015, DHS OIG acknowledged receipt of Plaintiffs' FOIA request. A true and correct copy of DHS-OIG's acknowledgment letter is attached as Exhibit F.

23. By letter dated February 22, 2016, Plaintiffs filed an administrative appeal of DHS OIG's constructive denial of Plaintiffs' FOIA request, noting that more than 20 days had elapsed since Plaintiffs filed their request and DHS OIG had not responded. *See* 5 U.S.C. §552(a)(6)(A)(i). A true and correct copy of Plaintiffs' administrative appeal of DHS OIG's constructive denial of Plaintiffs' FOIA request is attached as Exhibit G.

24. By letter dated February 23, 2016, DHS OIG issued a denial of Plaintiffs' FOIA *request* – not a denial of Plaintiffs' administrative appeal. DHS OIG refused to confirm or deny the existence of responsive records, citing exemption (b)(7)(C). A true and correct copy of DHS OIG's denial of Plaintiffs' FOIA request is attached as Exhibit H.

25. By letter dated March 22, 2016, DHS OIG stated that it deemed Plaintiffs' appeal moot because DHS OIG responded to Plaintiffs' FOIA request on February 23, 2016. A true and correct copy of DHS OIG's denial of Plaintiffs' administrative appeal is attached as Exhibit I.

iv. NARA.

26. By letter dated February 22, 2016, Plaintiffs administratively appealed NARA's constructive denial of Plaintiffs' FOIA request. As of February 22, 2016, NARA had not provided Plaintiffs with an acknowledgment letter or a response to Plaintiffs' FOIA request. A true and correct copy of Plaintiffs' administrative appeal of NARA's constructive denial of Plaintiffs' FOIA request is attached as Exhibit J.

27. On March 18, 2016, NARA's NPRC sent a fax to Plaintiff Clark Hill PLC consisting of NA FORM 13056, Response Letter, and NA Form 13037, Transcript/Statement of Federal Service. NARA did not specify the number of responsive records in NARA's custody, nor indicate whether and on what basis responsive records were being withheld. A true and correct copy of NARA's fax to Clark Hill PLC dated March 18, 2016 is attached as Exhibit K, although the "sensitive personally identifying information" referred to in NARA's letter dated November 16, 2016 and discussed in paragraph 29, has been redacted.

28. By letter dated November 16, 2016, NARA supplemented its March 18, 2016 response to Plaintiffs' FOIA request, noting that NPRC staff inadvertently released certain "sensitive personally identifying information" about Schofield on the Transcript/Statement of Federal Service. NARA did not provide any additional responsive documents. NARA did not specify the number of responsive records in NARA's custody, nor indicate whether and on what basis responsive records were being withheld. A true and correct copy of NARA's letter to Clark Hill PLC dated November 16, 2016 is attached as Exhibit L.

## C. **<u>Exhaustion of Administrative Remedies</u>.**

29. Plaintiffs have exhausted all administrative remedies with respect to its FOIA request. *See* 5 U.S.C. §552(a)(6)(C)(i).

## V. **<u>CAUSE OF ACTION</u>**

30. Plaintiffs incorporate by reference the allegations of paragraphs 1-29 of this Complaint.

31. Plaintiffs have a statutory right under FOIA, 5 U.S.C. §552(a)(3)(A), to the records they requested. No valid legal basis exists for the failure by Defendants to disclose the records to Plaintiffs.

## VI. **<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs request that this Court:

a) Declare that the withholding of the requested records by Defendants in response to Plaintiffs' FOIA requests is unlawful;

b) Order Defendants to make the requested records available to Plaintiffs without delay;

c) Award Plaintiffs its costs and reasonable attorneys' fees pursuant to FOIA, 5 U.S.C. §552(a)(4)(E), and the Equal Access to Justice Act, 28 U.S.C. §2412, as applicable; and

d) Award such other relief as this Court deems just and proper.

###

Respectfully submitted this 30th day of November 2016,

*By counsel,* _____*/s/ Thomas K. Ragland*________

THOMAS K. RAGLAND
Clark Hill PLC
601 Pennsylvania Avenue, NW
North Building, Suite 1000
Washington, DC 20004
Telephone: (202) 552-2360
Email: TRagland@ClarkHill.com

*Counsel for Plaintiffs*